UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM MIX, <br><br> Plaintiff, <br><br> v. <br><br> OCWEN LOAN SERVICING LLC, <br><br> Defendant. | CASE NO. C17-0699JLR <br><br> ORDER TO SHOW CAUSE |

On June 30, 2017, Defendants Ocwen Loan Servicing LLC ("Ocwen") and Ocwen Mortgage Servicing Inc.,[1] filed a motion to dismiss Plaintiff William Mix's complaint. (MTD (Dkt. # 14).)  The motion to dismiss is noted for July 28, 2017.  (*See id.*) Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), Mr. Mix amended his complaint on July 20, 2017.  (FAC (Dkt. # 18)); Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend

---

[1] Plaintiff William Mix has since dismissed Ocwen Mortgage Servicing Inc., from this lawsuit, leaving only Ocwen Loan Servicing LLC, as a defendant. (*See* Not. of Dismissal (Dkt. # 17).)

ORDER - 1

its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b) . . . .").

An amended complaint supersedes the original complaint and renders the original complaint without legal effect. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012); *see also Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) ("[I]t is well-established that an amended complaint supersedes the original, the latter being treated thereafter as non-existent.") (quotation marks omitted). Courts often apply this principle to deny as moot motions to dismiss a complaint that a plaintiff has since amended. *See, e.g.*, *Wagner v. Choice Home Lending*, 266 F.R.D. 354, 360 (D. Ariz. 2009) ("As both motions pertain to Plaintiff's original complaint and Plaintiff has since filed an Amended Complaint, both Motions are now moot."); *Garibaldi v. JPMorgan Chase Bank, N.A.*, No. 109-CV-00574-AWI-GSA, 2009 WL 1531565, at *1 (E.D. Cal. May 28, 2009) ("The amended complaint has superseded the original complaint in its entirety, and the court is now proceeding with the amended complaint. Thus, Defendants' motion addressing the original complaint is now moot."); *Ezonics Corp. v. Primax Elecs., Ltd.*, No. C04-5370 MMC, 2005 WL 851015, at *1 (N.D. Cal. Apr. 13, 2005) (denying a motion to dismiss as moot because the amended complaint superseded the original complaint). Courts may, however, consider a motion to dismiss the original complaint if the amended complaint suffers from the same deficiencies as the original complaint. *See, e.g.*, *Jordan v. City of Phila.*, 66 F. Supp. 2d 638, 641 n.1 (E.D. Pa. 1999) ("Since Counts IV through XII of the amended complaint suffer from the same deficiencies that are addressed in defendants' motion to dismiss, the court will allow the

1  motion to dismiss these counts to be considered as addressing the amended complaint.");

2  *Sun Co. (R & M) v. Badger Design & Constructors, Inc.*, 939 F. Supp. 365, 367 (E.D. Pa.

3  1996) ("[T]he contentions presented in Defendants' initial Motion to Dismiss are

4  germane to the Amended Complaint because it failed to cure a majority of the

5  deficiencies initially alleged.").

6      Based on the foregoing authority, the court ORDERS Ocwen to show cause why

7  the court should not deny its pending motion to dismiss as moot.  Ocwen must respond to

8  the court's order in its reply brief, which is due on Friday, July 28, 2017, indicating

9  whether the pending motion to dismiss is moot or should be considered despite the

10  amended complaint.  *See* Local Rules W.D. Wash. LCR 7(d)(3) ("Any reply papers shall

11  be filed and served no later than the noting date.").  Mr. Mix may also address the

12  mootness issue in his opposition to Ocwen's motion to dismiss.  *See id.* ("Any opposition

13  papers shall be filed and served not later than the Monday before the noting date.").

14      Dated this 24th day of July, 2017.

15

16

17                                  JAMES L. ROBART
                                United States District Judge